IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONNIE RAPCHAK, *Executrix of the Estate of John E. Borzik, Deceased* and WANDA BORZIK, <br><br> Plaintiffs, <br><br> vs. <br><br> FREIGHTLINER CUSTOM CHASSIS CORPORATION, HALDEX BRAKE PRODUCTS CORPORATION, , SAF-HOLLAND USA, INC., GULF STREAM COACH, INC. and TOUR MASTER RECREATIONAL VEHICLES, INC.,[1] <br><br> Defendants. | 2:13-cv-1307 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is a PARTIAL MOTION TO DISMISS PLAINTIFFS' PUNITIVE DAMAGES CLAIM (ECF No. 17) filed by Gulf Stream Coach, Inc. ("Gulf Stream") and Tour Master Recreational Vehicles Inc. ("Tour Master") with brief in support (ECF No. 18);and a MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (ECF No. 35) filed by Freightliner Custom Chassis Corporation ("Freightliner") with brief in support (ECF No. 37). Plaintiffs filed briefs in opposition (ECF No. 39, 42). Accordingly, the motions are ripe for disposition.

### I.     Background

The following background is drawn from the Complaint, and the factual allegations

---

1. Plaintiff also initially named Haldex Limited, Haldex Corporation, Daimler Trucks North America, LLC; Freightliner, LLC and Freightliner Corporation as defendants, but they have since been voluntarily dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. (ECF Nos. 19, 20, 29, 34, & 36). The remaining parties are advised that this caption should be used moving forward.

therein are accepted as true for purposes of this Memorandum Opinion. As the law requires, all disputed facts and inferences are resolved in favor of Plaintiffs, the non-moving parties.

### A. Factual Background

This case arose out of the tragic death of John E. Borzik while inspecting the undercarriage of his 2008 Tour Master recreational motor home to check for a leak of anti-freeze. At that time, Plaintiff positioned himself near the right side of the rear axle lying supine on a creeper under the structure when it unexpectedly descended, trapped him, compressed his chest and caused him to asphyxiate over a period of time which eventually led to his death. Plaintiffs allege that "the structure of the motor home descended because the height control valves and/or dump valves in the suspension system of the chassis malfunctioned and did not perform as intended or expected by permitting air to escape from the rear." (ECF No. 1 at 8). According to Plaintiffs, an air leak through a port in the front-mounted dump valve was detected soon after the decedent's body was found.

Defendants designed, manufactured, assembled, and/or sold the motor home, its chassis, and the air suspension system. Plaintiff Rapchak is the Executrix of decedent's estate; Plaintiff Wanda Borzik is his mother. As Plaintiffs aver, Ms. Borzik observed her son shortly after the accident and "perceived that [he] was seriously injured or in the process of dying." *Id.* at 21.

### B. Procedural History

Plaintiffs initiated this action on September 6, 2013 by filing a five-count Complaint in this Court in which they allege various product liability claims and a negligent and/or intentional infliction of emotional distress claim at Count Five.[2] Plaintiffs seek damages pursuant to a

---

2. As the Complaint appears to sound in various theories, the Court notes that there is split within the Third Circuit regarding the whether the Restatement (Third) of Torts or the Restatement (Second) of Torts should apply in strict product liability cases. *See Sansom v. Crown Equip. Corp.*, 880 F. Supp. 2d 648, 655 n.5 (W.D. Pa. 2012) ("After the Third Circuit's decision in *Berrier*, but before Judge Aldisert's opinion for that Court in *Covell*, district courts in

Pennsylvania Survival Action, 42 P.S. § 8302 and the Wrongful Death Act, 42 P.S. § 8301. Additionally, Plaintiffs claim they are entitled to an award of punitive damages.

A variety of responsive filings followed. Freightliner filed an Answer (ECF No. 11) on November 8, 2013 and a motion for partial judgment on the pleadings (ECF No. 35) on December 11, 2013; Saf-Holland, Inc. ("Saf-Holland") filed an Answer (ECF No. 12) on November 11, 2013; Gulf Stream and Tour Master filed an Answer (ECF No. 16) and a partial motion to dismiss (ECF No. 17) on November 25, 2013; and Haldex filed an Answer on November 27, 2013. Plaintiffs filed briefs in opposition to what they call "Partial Motion[s] for Summary Judgment to Dismiss" on December 13, 2013 and December 17, 2013. *Compare* Fed. R. Civ. P. 12(b)(6) & (c) *with* Fed. R. Civ. P. 56. The Court now turns to the pending Rule 12 motions, which it will address in tandem. *Allah v. Hayman*, 442 F. App'x 632, 635 (3d Cir. 2011) ("The standards governing Rule 12(c) motions are the same ones that govern motions to dismiss under Rule 12(b)(6)") (citing *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004)).

## II.     Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States has made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the

---

this circuit were split on whether to apply the Restatement (Second) or (Third) of Torts and the principles set forth therein . . . Even since *Covell*, a division remains.") (collecting cases).

3

speculative level." 550 U.S. 554, 555 (2007). The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III. Discussion

Defendants seek dismissal of the punitive damages aspects of Plaintiffs' claims, arguing that they simply plead a threadbare recital of the required elements. In support, both motions

4

rely on the same paragraph in their attempt to demonstrate that the Complaint contains nothing other than formulaic labels and conclusions. *See* No. 1 at 11, ¶ 29.

Plaintiffs highlight other averments in their Complaint to show that the federal pleading standard has been met. Those paragraphs include allegations that Defendant knew or should have known that the product lacked adequate and feasible protective devices, interlock devices, safety features, or warning that would have made it safe for intended and reasonably foreseeable users; and that they knew or should have known that using certain substances and compounds would contaminate and impair the function of the valves. *See* ECF No. 1 at 19, ¶ 49. Alternatively, Plaintiffs submit that Defendants' motions are premature at this stage.

"Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). Pennsylvania law requires that plaintiff support a punitive damages claim "by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* Of course, "courts can and do address punitive damages claims at the motion to dismiss stage." *Gardner v. Barry*, 1:10-CV-0527, 2010 WL 4853885, at *10 (M.D. Pa. Nov. 23, 2010) (citations omitted). *See Boring v. Google Inc.*, 362 F. App'x 273, 283 (3d Cir. 2010) ("[C]ourts do indeed dismiss claims for punitive damages in advance of trial.").

Here, this Court will not dismiss the punitive damages aspect of Plaintiffs' case at this time. Plaintiffs aver that Defendants designed, manufactured, and/or assembled a product which they knew or should have known was defective and posed grave danger to the user. These allegations must be taken as true at this stage of the proceedings and could support an award of

punitive damages if proven. *C.f. Rile v. Alpha Technologies, Inc.*, CIV.A.06-52, 2006 WL 515534, at *2 (W.D. Pa. Feb. 28, 2006). Discovery may ultimately reveal that Defendants are correct, preventing this issue from ever reaching the factfinder. But that determination is best left for a later stage after Plaintiff have had the benefit of the discovery process. Accordingly, the motions will be denied without prejudice for Defendants to re-raise their argument(s) at the summary judgment stage.

## IV.    Conclusion

For the reasons hereinabove stated, the Court will deny the motion to dismiss and the motion for judgment on the pleadings. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BONNIE RAPCHAK**, *Executrix of the Estate of John E. Borzik, Deceased* and **WANDA BORZIK**, <br><br> Plaintiffs, <br><br> vs. <br><br> **FREIGHTLINER CUSTOM CHASSIS CORPORATION, HALDEX BRAKE PRODUCTS CORPORATION, , SAF-HOLLAND USA, INC., GULF STREAM COACH, INC.** and **TOUR MASTER RECREATIONAL VEHICLES, INC.**, <br><br> Defendants. | 2:13-cv-1307 |

## ORDER OF COURT

AND NOW, this 18th day of December, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the PARTIAL MOTION TO DISMISS PLAINTIFFS' PUNITIVE DAMAGES CLAIM (ECF No. 17) and the MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (ECF No. 35) are **DENIED**.

                                                              BY THE COURT:

                                                              s/Terrence F. McVerry <br>
                                                              United States District Judge